UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA            :

    - v -                         :   07 Cr. 889 (RPP)

ALLAN HANDLER, et al.               :

               Defendants.   :

- - - - - - - - - - - - - - - - - - - - - x


**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S PRE-TRIAL MOTIONS**


                      MICHAEL J. GARCIA
                      United States Attorney for the
                      Southern District of New York
                      Attorney for the United States
                           of America.


BENJAMIN GRUENSTEIN
Assistant United States Attorney
    - Of Counsel -

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA              :

        - v -                         :      07 Cr. 889 (RPP)

ALLAN HANDLER, et al.                 :

                    Defendants.       :

- - - - - - - - - - - - - - - - - - - - - - x
```

**GOVERNMENT'S MEMORANDUM OF LAW IN OPPOSITION
TO DEFENDANT'S PRE-TRIAL MOTIONS**

<u>PRELIMINARY STATEMENT</u>

The Government respectfully submits this Memorandum of Law in opposition to defendant Allan Handler's Pre-Trial Motions ("Motions"). In his Motions, Handler seeks: (1) to suppress evidence seized from his home on the day of his arrest; and (2) to sever his trial from that of his co-defendants. For the reasons stated below, there is no basis to suppress any evidence, all of which was seized either in plain view or pursuant to a lawfully-obtained search warrant. With respect to the defendant's severance motion, the Government believes that there is no basis for the motion. In any event, the Court need not resolve the issue at this time, as it appears, based on conversations between the Government and counsel for the other defendants in this case, that it is unlikely that any defendants, other than Handler, will be going to trial.

## **Background**

On September 19, 2007, a grand jury sitting in the Southern District of New York issued an indictment against Allan Handler, charging Handler with conducting an illegal gambling business, and conspiring to do so, in violation of Title 18, United States Code, Sections 1955 and 371, respectively. The FBI arrested Handler the following day, at which time Special Agent Michael Gaeta went with Handler into the back room of his apartment so that Handler could get dressed. While in the back room, Special Agent Gaeta observed a blue Mead spiral notebook (the "notebook") on top of a desk; the cover of the notebook was askew, revealing a small portion of the first page. Special Agent Gaeta observed on the top of the page handwritten columns, and the days of the week associated with the columns; on the side of the page were numbers. Special Agent Gaeta also observed on the desk two small pieces of paper with dates and numbers written on them. Special Agent Gaeta then seized the notebook, at which time he observed a Mead notepad (the "notepad") below it. Special Agent Gaeta seized the notepad, as well as a cellphone that was in the apartment, which the defendant's wife said belonged to the defendant.

Later that morning, the FBI sought a search warrant for the items seized from the apartment, as well as for the remainder of the apartment. In support of the warrant, Special Agent Gaeta

swore to an affidavit that detailed the probable cause for the search. The basis for his conclusion that there was probable cause to search the items and the remainder of the apartment included: (1) his observation of the first page of the notebook, which appeared to be a gambling ledger; (2) his observation of small pieces of paper nearby on the desk that had dates and amounts written on them, also appearing to be consistent with gambling records; (3) his training and experience by which he knew that individuals involved in illegal gambling businesses maintain records in the area where they operate their business; and (4) his training and experience by which he knew that such individuals often keep large amounts of cash in their residence. The Honorable Theodore H. Katz, United States Magistrate Judge, signed the search warrant at approximately 10:30 a.m.

After obtaining the warrant, Special Agent Gaeta opened the notebook and notepad and found what appeared to be records consistent with gambling and loansharking activities. In addition, fellow members of his FBI squad found and seized, among other things, a approximately $4,488 in cash from the apartment.

## ARGUMENT

Handler argues that all evidence seized from his apartment on the day of his arrest should be suppressed because the FBI did not obtain a search warrant until later that night. This fails as a factual matter, as the FBI obtained a search warrant at

approximately 10:30 a.m., prior to the commencement of the search.* The defendant further contends that no portion of the defendant's notebook was in plain view, and, thus, Special Agent Gaeta must have opened it before seeking a search warrant. In support of this claim, the defendant has attached a photocopy of the cover of the notebook, which, of course, does not show how the cover appeared at the time it was initially observed. In addition, the defendant contends that Special Agent Gaeta would necessarily have searched the notebook at the time if a portion of the notebook had been visible. However, the defendant cites no case stating that the plain-view doctrine allows officers to open a notebook and look at every page simply because one page appears to contain evidence of a crime; if the Government or Special Agent Gaeta had believed otherwise, there would have been no reason for the Government to have sought a search warrant.

There is no need to hold a hearing on the narrow factual issue of whether Special Agent Gaeta saw a portion of the defendant's gambling ledger at the time of the arrest. As the Second Circuit has held, when there is an allegation that a search warrant might be tainted as the "fruit of the poisonous tree," the correct approach is to evaluate probable cause without

---

* The defendant may be relying on a mistake on a conformed copy of the search warrant that says "10:30 p.m." rather than "10:30 a.m." If the defendant is unwilling to accept the representation of the AUSA who obtained the warrant that this is an error, the Government will seek an unsealing order to inspect the original.

reference to the tainted evidence. *United States* v. *Laaman*, 973 F.2d 107, 111 (2d Cir. 1992). In this case, Special Agent Gaeta relied not only on what he observed in the notebook, but also on: (1) the presence of what appeared to be gambling slips, in plain view, elsewhere on the desk; (2) his training and experience by which he knew that individuals involved in illegal gambling businesses maintain records in the area where they operate their business (for which there was probable cause, based on the presence of the gambling slips, that his residence was a place of business for him); and (3) his training and experience by which he knew that individuals in gambling businesses often keep large amounts of cash in their residence (which would have allowed the FBI to search the apartment for cash). Accordingly, even if Special Agent Gaeta had not seen the inside of the notebook, he still had ample basis to seek a search warrant of the defendant's home for gambling records, given the fact that the defendant was involved in illegal gambling and appeared to keep some records (*i.e.*, the gambling slips) in his home.*

---

*The defendant also faults Special Agent Gaeta for removing the notepad, which was immediately below the notebook, from his apartment. Given that Special Agent Gaeta did not open the notepad until he obtained the warrant, and the warrant allowed the notepad to be opened, it is unclear how the defendant feels his Fourth Amendment rights were violated, or why the remedy for taking the notepad out of the apartment before returning an hour later to search the entire apartment (and the notepad) would be for the contents of the notepad to be suppressed.

For the above reasons, the Government believes that no hearing is necessary to resolve the defendant's suppression motion.  However, should the Court disagree, the Court should not rely on the affidavit of the defendant's counsel to determine whether a factual dispute exists, but should require a "sworn factual allegations from a person *with personal knowledge of the underlying facts*." *United States* v. *Shamsideen*, 2004 WL 1179305, *9, 03 Cr. 1313 (SCR) (S.D.N.Y. March 31, 2004) (emphasis added); *United States* v. *Caruso*, 684 F. Supp. 84 (S.D.N.Y. 1988) ("Without a supporting affidavit of someone with personal knowledge of the underlying facts, the court need not resolve factual disputes that may be presented by the moving papers").

In addition, the defendant moves for severance based on the fact that he was not involved in bookmaking, while the Indictment alleged "a business that engaged in sports bookmaking and illegal lottery schemes."  The defendant cites no law suggesting that this involvement in one aspect of a gambling business but not another would be a basis for severance.  Nor does he explain why he would suffer from prejudice from a joint trial.  In any event, the Government does not believe that the Court has to resolve this motion at this time, given that it appears unlikely, based on representations made by defense counsel, that the remaining defendants will be going to trial.

**CONCLUSION**

For the reasons set forth above, the Court should deny the defendant's suppression motion and hold his severance motion in abeyance until one month before the trial date.

Dated:    December 31, 2007
         New York, New York

                            Respectfully submitted,

                            MICHAEL J. GARCIA
                            United States Attorney

                        By:_____
                            Benjamin Gruenstein
                            Assistant United States Attorney
                            Tel. No.: (212)637-2315

AFFIRMATION OF SERVICE

BENJAMIN GRUENSTEIN hereby affirms pursuant to Section 1746 of Title 28, United States Code:

1. I am an Assistant United States Attorney in the office of Michael J. Garcia, United States Attorney for the Southern District of New York.

2. On December 31, 2007, I caused a true and correct copy of the foregoing Government's Memorandum of Law in Opposition to Defendant's Pre-Trial Motions by ECF on James A. Cohen, Esq.

3. I declare under penalty of perjury that the foregoing is true and correct. 28 U.S.C. § 1746.

Dated:   New York, New York
         December 31, 2007

_____
BENJAMIN GRUENSTEIN