# LINCOLN SQUARE LEGAL SERVICES, INC.

**Executive Director**
Ian Weinstein

**Supervising Attorneys**
Cheryl G. Bader
James A. Cohen
Elizabeth B. Cooper
Romaine L. Gardner
Brian Glick
Leah A. Hill
Elizabeth A. Maresca

**Supervising Attorneys**
Michael W. Martin
Paul Radvany
Martha Rayner
Beth G. Schwartz
Marcella Silverman
Gemma Solimene

**Supervising Social Worker**
Lyn Kennedy Slater, C.S.W., Ph.D.

## MEMO ENDORSED

January 14, 2008

By Facsimile Transmission
The Honorable Judge Robert P. Patterson, Jr.
United States District Court
Southern District of New York
500 Pearl Street, Room 2550
New York, NY 10007

Re:   United States v. Phil Endellicate, et al.
      Index No.: 07-cr-889

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/16/08
```

Dear Judge Patterson:

We represent Mr. Allan Handler in the above captioned matter.

Pursuant to Your Honor's Order dated January 4, 2008, we attach the signed affidavit of Mr. Handler as exhibit "A." Due to a FedEx delay, we also attach an unsigned copy of Marie Handler's affidavit as exhibit "B," as per instructions from your clerk. We will send both original, signed and notarized affidavits to Your Honor's chambers when we receive Mrs. Handler's affidavit. These affidavits are in support of Mr. Handler's motion for suppression of evidence seized in his apartment and severance from the trial of the other eight indicted co-defendants.

Regarding the severance aspect of Mr. Handler's motion, given the Government's representation that it appears unlikely that the other eight codefendants will be going to trial, see Government Opposition Brief at 6, we endorse its suggestion that Your Honor postpone any decision on the severance motion until such a decision appears necessary.

Lastly, Your Honor rescheduled oral argument on this motion for Thursday, January 17, 2008 at 10:00 a.m. Unfortunately, I will be out of the state on matters of business for Fordham University School of Law on that day, and thus respectfully request that this matter be adjourned until a later date. Assistant United States Attorney Benjamin Gruenstein consents to this request. Mr. Gruenstein is on trial for the foreseeable future and thus is only available on Fridays. Therefore, I respectfully request that the Court

Fordham University School of Law—33 West 60th Street, Third Floor—New York, NY 10023
Phone: (212) 636-6934   Fax: (212) 636-6923

adjourn the matter until Friday, February 1 or February 8, 2008. I apologize for this inconvenience. Mr. Handler has no objection to the exclusion of time under the Speedy Trial Act between the current argument date and the date on which Your Honor resets the argument.

Thank you for your consideration in this matter.

Respectfully,

*James A. Cohen* /RG
James A. Cohen, Esq.
Lincoln Square Legal Services, Inc.
Attorney for Defendant
Allan Handler

SEE TYPEWRITTEN MEMO ENDORSEMENT ATTACHED

*[Handwritten endorsement:]* Application granted. Argument February 8, 2008 at 2 PM, opposing affidavits, if any, on February 1, 2008. Time is excluded on the Speedy Trial clock until 2/8/08. See order. Robert P. Patterson 1/15/08

Legal Interns
Eva Belich
Robert Gibson

cc (By Facsimile):

Benjamin Gruenstein, Esq.
U.S. Attorney's Office
Fax: (212) 637-0097

Kenneth Alan Paul, Esq.
Fax: (212) 374-1506
Attorney for Defendant
Phil Endellicate

Winston Lee, Esq.
Fax: (212) 964-2926
Attorney for Defendant
Paul Barone

John J. Fahy, Esq.
Fax: (201) 623-5888
Attorney for Defendant
Steven Smith

James Roth, Esq.
Fax: (212) 619-6743
Attorney for Defendant
Marie Fidone

Martin R. Stolar, Esq.
Fax: (212) 941-0980
Attorney for Defendant
Albert Alfonso

David Arthur Ruhnke, Esq.
Fax: (973) 746-1490
Attorney for Defendant
Joseph Rulli

Murray Richman, Esq.
Fax: (718) 518-0674
Attorney for Defendant
Ernest Deangelis

Paul A. LeMole, Esq.
Fax: (718)-720-1882
Attorney for Defendant
John LaForte

Case:      United States v. Allan Handler
Index No.  07 Cr. 889 (RPP)


**MEMO ENDORSEMENT READS:**

*Application granted.*

*Argument February 8, 2008 at 2 p.m.; opposing affidavits, if any, on February 1, 2008. Time is excluded on the Speedy Trial clock until 2/8/08.*

*So ordered.*

*Robert P. Patterson, Jr., U.S.D.J., 1/15/08*

# EXHIBIT
# A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------X
UNITED STATES OF AMERICA           :
                                   :
                                   :  **AFFIDAVIT OF**
        -against-                  :  **ALLAN HANDLER**
                                   :
PHIL ENDELLICATE, ET AL.,           :
                                   :  Docket No. 07 Cr. 889
                                   :
              Defendant.           :
----------------------------------X

  ALLAN HANDLER, the undersigned affiant, hereby swear under oath that the foregoing is true and correct:

  1. I am Allan Handler, the defendant in the above-captioned matter. I reside at 1903 Mayflower Ave. # 2, Bronx, NY 10461. I submit this affidavit in support of my motion to suppress the notebook and notepad seized during my arrest and all other items taken during the search on September 20, 2007 and the motion to sever my trial from the other eight indicted codefendants. The following facts are based on my personal knowledge.

  2. Between 5:30 a.m. and 5:45 a.m. on September 20, 2007, the FBI woke me up by buzzing my apartment. About twenty agents came up the stairs with their guns drawn and at some point they put their guns away. The FBI took me into the backroom to allow me to get dressed. Meanwhile, my wife was taken into the kitchen and told to wait there.

  3. As I was getting dressed, Special Agent Michael Gaeta asked me if he could look into a notebook that was on a desk. The cover of the notebook was closed and the contents of the notebook were not visible. I replied that, if there was a search

1

warrant, he could look at whatever he wanted. When Special Agent Gaeta responded that he did not have a search warrant, I said I would mind if the agent looked into the notebook, and the notebook was not opened.

4. The FBI agents were in the apartment for approximately fifteen to twenty minutes. When they escorted me out of the apartment, one of the agents gave my wife the wristwatch that I had been wearing. My wife took the wristwatch, which was a gift that she had given me.

5. I do not know any of the codefendants, other than Paul Barone, a.k.a. "Uncle Paulie," a.k.a. "U.P.," a.k.a. "Fatso" ("codefendant Barone"). I am only marginally familiar with codefendant Barone, as we live in the same neighborhood.

6. The codefendants have been indicted for alleged involvement in a sports gambling business. I am not alleged to have been involved in the sports gambling business. My fear is that if tried with my numerous other codefendants, I will be prejudiced by the extensive evidence likely to be admitted on the sports betting charges, and thus that the jury will find me guilty by association.

Respectfully submitted:

_____
Allan Handler

Subscribed and sworn to me this

Notary Public, State of New York
No. 02CO6000962
Qualified in New York County
Commission Expires 10/26/20__

_____
Notary Public
(Affix seal or stamp)

2

# EXHIBIT
# B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA           :
                                   :
                                   :    **AFFIDAVIT OF**
          -against-                :    **MARIE HANDLER**
                                   :
PHIL ENDELLICATE, ET AL.,          :
                                   :    Docket No. 07 Cr. 889
                                   :
                    Defendant.     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X

      MARIE HANDLER, the undersigned affiant, hereby swears under oath that the foregoing is true and correct:

      1.     I am Marie Handler and am married to Allan Handler ("Mr. Handler"), a defendant in the above-captioned matter. I reside with him at 1903 Mayflower Ave. # 2, Bronx, NY 10461. The following facts are based on my personal knowledge.

      2.     Between 5:30 a.m. and 5:45 a.m. on September 20, 2007, the FBI woke me up by buzzing my apartment. About twenty agents came up the stairs with their guns drawn, until I informed them that we did not have any guns, at which point their guns were put away. The FBI took my husband into the backroom to allow him to get dressed. Meanwhile, I was taken into the kitchen and told to wait there.

      3.     While the agents were in the kitchen, there were two cell phones on the table. One of the agents asked me which one of the phones was my husband's. I pointed to one, and the agent then seized the phone I indicated.

      4.     The FBI agents were in the apartment for approximately fifteen to twenty minutes. When they escorted my husband out of the apartment, one of the agents gave

1

me the wristwatch that he had been wearing. I took the wristwatch and placed it in a coin purse in my bedroom dresser.

5. Approximately one to one and one-half hours later, two plain clothes NYPD detectives returned to the apartment. The detectives informed me that the FBI would be arriving shortly to conduct another search of my apartment. I allowed the detectives to come into the apartment, and then quickly changed my mind and asked that they wait in the hall, which they did. The detectives instructed me to leave the door open.

6. During this time, I called a friend to come over and bring cold medicine, because I had bronchitis and was not feeling well. My friend came over to my apartment at approximately 8:45 a.m. My friend assisted me in calming my cat and putting the cat into a carrying case. At my request, the detectives allowed my friend and I to bring the cat to my friend's house so that it would not be around during the FBI's search. My friend's house was located two to three blocks away, and the detectives informed me that they would continue to wait in the hallway, but they required that the front door of my apartment remain open. The detectives wrote down my friend's cell phone number.

7. After approximately five to ten minutes, the detectives phoned me on my friend's cell phone and requested that I return to my apartment, as the FBI would be arriving shortly.

8. I, accompanied by my friend, returned to my apartment at approximately 9:30 a.m., and at that time the NYPD detectives were waiting outside of the building. The detectives informed me that the FBI had already arrived and were upstairs in my apartment. When I entered the building I found that the FBI agents had already entered my apartment and had already completed searching the living room. At this time, I asked

2

the detectives if the FBI had a warrant, and the detectives told me that a warrant had been signed but neither the detectives nor the agents had a copy. The detectives then told me that it would be best if I cooperated with the FBI because the sooner I did the sooner I could seek medical attention for my bronchitis.

9. The FBI agents requested that I remain in my kitchen for the duration of the search. Shortly thereafter, an FBI agent approached me and stated that if I cooperated and told them where the items they were looking for were located that the process would be over a lot sooner. At this point, I again requested to see the search warrant. Without responding or providing a warrant, the FBI agent turned around and walked away from me and continued to search my apartment.

10. I requested to enter the back bedroom while the FBI agents were searching, but the FBI denied me access.

11. During the search, the FBI opened a purse I kept in my personal closet and seized $10,000 in cash. This money was money I had been awarded in a recent lawsuit. The FBI also seized from my change purse the wristwatch that the FBI agents had previously returned to me during the course of my husband's arrest. This item was a gift that I had given my husband. The FBI also seized jewelry, an additional $4,488 in cash, and newspaper clippings discussing the Bonanno family, from Mr. Handler's desk drawer.

12. At the end of the FBI's search, the FBI agents counted the money in front of me and gave me a receipt for the items seized. The FBI finally vacated my apartment at approximately 1:00 p.m.

Respectfully submitted:

_____
Marie Handler

Subscribed and sworn to me this
____ day of _____, 2008

_____
Notary Public
(Affix seal or stamp)

4